[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved to disqualify the defendant's counsel, Sheila Horvitz (Horvitz), from continuing to represent the defendant. The plaintiff's claim is that she has a conflict of interest under Rule 1.9 and 1.10.
Rule 1.10(b) of Professional Conduct states:
 (b) when a lawyer becomes associates with a firm, the firm may not knowingly represent a person in the same or substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(b) that is material to the matter. (Emphasis added.)
The purpose of this rule is to safeguard confidential CT Page 76 information conveyed by the client. The comments to the Rule operates to disqualify the firm only when the lawyer had actual knowledge of information protected by Rules 1.6 and 1.9.
The evidence presented at a hearing before this court disclosed that Horvitz was an associate at the law firm of Brown, Jacobson, Jewett Laudone from the fall of 1978 until she became a partner in 1983. She left the firm in 1989. The billing records of the firm showed that on November 12 and November 13, 1981 she was listed as the attorney who prepared for short calendar for a total of four tenths of an hour in the case captioned MartinGottesdiener, Trustee v. Faria. Other members of the firm had billing hours on that file of over eighty hours. (Plaintiff's Exhibit 1.) The record also shows that she appeared at short calendar on August 3, 1981, representing the Trustee on a hearing before Judge Hendel. She did not speak at the hearing which involved an appointment for an attorney for the Faria's minor child. (Plaintiff's Exhibit 2.)
Horvitz testified that she had no recollection of either of these events.
Attorney Ralph Elliot, an acknowledged expert in legal ethics, testified that an attorney is only disqualified when she acquired and possessed protected knowledge.
The evidence before the court is that she never acquired any information and does not possess any today.
Attorney Raymond Green testified that the purpose of the rules is to safeguard confidential information conveyed by a client.
The plaintiff argues that under the rules the attorney has the burden of disproving that she had any confidential information. The fact that she was present in court on August 3, 1981 and billed four tenths of an hour on November 12 and 13, 1981, certainly does not establish that she possessed any confidential information. These are the only two areas that show any connection with the file. Even if an inference could be drawn from these fleeting contacts with the file, it is clearly rebutted by Attorney Horvitz's sworn testimony that she has no recollection today of anything in the Faria file and that she does not recall having any knowledge of it in the past. CT Page 77
The key words in Rule 1.10 are ". . . the firm may not knowingly represent a person . . . in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information
protected by Rules 1.6 and 1.9(b) that is material to the matter." (Underlining added.)
Since the court finds that Horvitz does not now have any knowledge of the file and there is no evidence that she ever did acquire any confidential information which could be used to the disadvantage of the plaintiff, the Motion to Disqualify is hereby denied.
D. Michael Hurley Judge Trial Referee